**In re Meridee HODGES, Debtor.**

No. 05 B 46676.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 28, 2007.

---

305

James J. Burns, Jr., Burns & Wincek, Chicago, IL, for Meridee Hodges.

Joel R. Nathan, United States Attorney, Chicago, IL, for Social Security Administration.

---

### AMENDED ORDER ON FEDERAL GOVERNMENT'S MOTION TO DISMISS

JACQUELINE P. COX, Bankruptcy Judge.

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on October 9, 2005. Debtor's Chapter 13 plan was confirmed on January 23, 2006. On April 7, 2006 the debtor filed a proof of claim herein on behalf of the Social Security Administration (SSA) for overpayment of disability benefits; the debtor objected to this claim on September 5, 2006. The debtor claims that the SSA violated the automatic stay by sending her a collection letter post-petition on March 20, 2006 with an unreadable breakdown of its claim and a demand for payment.

The SSA asks that this Court find that it lacks subject matter jurisdiction to resolve the debtor's claim objection due to debtor's failure to exhaust her administrative remedies as required by the governing statute and regulations.

### Jurisdiction

District courts have exclusive jurisdiction over Title 11 bankruptcy cases. 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), each district court may provide that any or all cases under Title 11 shall be referred to the bankruptcy judges for the district; the referral to the district's bankruptcy judges may include proceedings arising in or under Title 11 or proceedings related to a case under Title 11. By its Internal Operating Procedure 15(a), the District Court for the Northern District of Illinois has referred its bankruptcy cases to the bankruptcy judges of this district. The pending motion concerns the allowance or disallowance of claims against the estate which is a core matter regarding which bankruptcy judges have jurisdiction to enter a judgment, subject to review on appeal to the District Court under 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 158(a)(1).

### Social Security Administration Assertion That The Court Lacks Jurisdiction

The SSA proceeds herein under Federal Rule of Civil Procedure 12(b)(1), as adopted by Rule 7012 of the Federal Rules of Bankruptcy Procedure, requesting dismissal due to the debtor's failure to exhaust administrative remedies as required by 42 U.S.C. § 405(g) which states: "Any

individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Section 405(h) states that "[t]he findings and decision of the Commissioner of Social Security shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision shall be reviewed by any person, tribunal or government agency except as provided therein. No action against the United States, the Commissioner of Social Security, or any other officer or employee thereof shall be brought under § 1331 or § 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

The debtor argues that the § 405(h) limitation of jurisdiction does not mention 28 U.S.C. § 1334, the Judicial Code grant of Title 11 Bankruptcy Code jurisdiction to the district courts.

The § 405(h) jurisdiction limitation has been held to apply to jurisdictional grants other than those specifically listed. In *Bodimetric Health Services, Inc. v. Aetna Life and Casualty* the Seventh Circuit held that despite the fact that the 28 U.S.C. § 1332 diversity jurisdiction grant was not specifically limited in § 405(h), the scope of § 405(h) subjected several jurisdictional grants not delineated therein to the exhaustion of administrative remedies requirement. 903 F.2d 480, 489 (7th Cir. 1990), *cert. denied,* 498 U.S. 1012, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). The Court held that when originally enacted, § 405(h) prohibited any action under § 24 of the Judicial Code which included nearly all jurisdictional grants, including diversity ju-

risdiction and bankruptcy jurisdiction and that when § 405(h) was amended no change was intended. *See id.* at 488–89.

This Court agrees and finds that the § 405(h) limitation includes 28 U.S.C. § 1334; until the debtor exhausts her administrative remedies this Court lacks subject matter jurisdiction over the claim regarding the SSA's assertion that the debtor has received an overpayment of benefits.

### The Automatic Stay Issue

The automatic stay is one of the Bankruptcy Code's fundamental elements of debtor protection. Provided for in 11 U.S.C. § 362, it prohibits the commencement or continuation of a judicial or administrative proceeding against the debtor that could have been initiated before the petition was filed, or to recover on a claim that arose pre-bankruptcy. *United States v. Nicolet, Inc.,* 857 F.2d 202, 207 (3d Cir.1988).

The Bankruptcy Code subjects the government, acting as a creditor, to the automatic stay provision, as it applies to all entities seeking to recover on prepetition debts. The Bankruptcy Code at 11 U.S.C. § 101(15) defines "entities" as inclusive of government agencies. Government agencies are excepted from the scope of the automatic stay when commencing or continuing an action or proceeding to enforce such governmental unit's or organization's police or regulatory power. Does the SSA's regulatory power qualify it for an exception to the imposition of the automatic stay? According to the Third Circuit in *University Medical Center v. Sullivan,* quoting the congressional record, "Congress intended this exception to apply where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or fixing damages for violation

of such law." *See* 973 F.2d 1065, 1074–75 (3d Cir.1992)(citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6299; S.Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in U.S.C.C.A.N. 5787, 5838). The stay exception is not implicated herein.

While the debtor complains that the SSA violated the automatic stay of 11 U.S.C. § 362 when it sent her the post-petition March 20, 2006 letter demanding payment, the debtor has not moved for damages pursuant to 11 U.S.C. § 362(k)(1) which allows an individual injured by a willful violation of a stay to recover actual damages, including costs, attorneys' fees and punitive damages depending on the creditor. *See* 11 U.S.C. § 106(a)(3). Even though the debtor does not seek damages, analysis of the exhaustion of administrative remedies requirement is prompted by her allegation that the SSA has violated the automatic stay. Does adjudication of the automatic stay issue directly implicate any substantive area of social security law?

In *University Medical Center*, the Third Circuit held that a bankruptcy court had independent jurisdiction to determine an automatic stay violation in a medicare case because it does not impinge on the authority of the Secretary of Health and Human Services as protected by 42 U.S.C. § 405(h). *See* 973 F.2d at 1073. Does the Commissioner of the SSA have authority to resolve matters involving violations of the automatic stay? Does the SSA's system of administrative review address these issues?

The policy of having matters involving disability payments resolved by the SSA addresses the need for nationwide consistency of decisions involving those benefits and the exercise of that agency's considerable experience and expertise in doing so. However, matters outside their substantive area of disability law, such as alleged violations of the automatic stay, should not require exhaustion of administrative remedies by a debtor.

The stay was violated when the SSA sent the debtor the post-petition letter seeking resolution of the pre-petition debt. However, because the debtor filed a proof of claim on behalf of the SSA 3 weeks after receipt of the SSA letter demanding payment, and objected to the claim on behalf of the SSA, it is questionable whether stay violation damages would lie.[1]

The debtor complains in response to the government's motion that the SSA won't give her a hearing, suggesting that she is proceeding in Bankruptcy Court for that reason. The SSA has promised to proceed with her appeal. The Social Security Administration's Motion to Dismiss is **GRANTED**. The Debtor's Claim Objection is **DISMISSED**.

---

1. As this Court held in the Chapter 11 setting, the automatic stay does not operate to prevent a trustee or debtor-in-possession from prosecuting a suit against a creditor. *See In re Mid–City Parking, Inc.,* 332 B.R. 798 (Bankr. N.D.Ill.2005). This conclusion holds regardless of the bankruptcy chapter at issue. Although the SSA is prohibited by the automatic stay from pursuing the debtor for payment, § 362 of the Bankruptcy Code does not prohibit the debtor from pursuing an appeal through the administrative process or filing and objecting to the SSA claim.